### James M. Bachelder, Adm'r, vs. Wm. H. Wallace.

If the award of arbitrators substantially complies with law, it should not be disturbed for mere technical defects.

When the terms of submission authorize a majority of the three arbitrators to make a finding, it is sufficient if two make finding; and when all three appear to have been duly sworn, the Court will presume all acted, though but two sign the finding.

Error to the Second Judicial District holding terms for Pierce county.

Opinion by FITZHUGH, Associate Justice.

This cause comes up on error from the Second District.

It appears from the record that the plaintiff in the Court below, who is also plaintiff in this Court, entered into an agreement with the defendant, to leave to arbitration certain matters in dispute, between the estate of Wm. A. Slaughter, of which the plaintiff was administrator, and the defendant. The agreement of reference, bears date the 20th day of September, 1859, and by its terms the award was to be made on or before the first day of January, 1860.

By agreement of counsel, an order was made, that the referees should report at the next term of the Court. The referees were Wm. H. Wood and Gilmore Hays, they having authority to name a third party. By a certificate signed by the said Wood, Hays, and Thomas M. Reed, sworn to before the probate judge of Thurston county, on the 15th day of December, 1859, it appears that said Reed was duly appointed the third arbitrator, and they were sworn to discharge the duties of their appointment.

At the March term, 1860, of the District Court of Pierce county, it being the next term of said Court, after the agreement of reference, a report was made, finding the defendant, Wallace, indebted to the estate of Slaughter, in the sum of three hundred and twenty ($320.00) dollars. This report was signed by Hays and Reed only. The plaintiff, by his counsel, filed exceptions to the report, and by agreement of counsel, the cause was continued until the September term of Court. At the September term, the cause was heard, the exceptions overruled, the award affirmed, and judgment entered against the defendant for the amount found due by the arbitrators. To this judgment the plaintiff excepted, and seeking to reverse the same, prosecutes his writ of error to this Court.

Quite a number of errors are assigned, but we do not consider it necessary to pass on them all.

1. It is objected that the arbitrators do not, in their report, state conclusions of law and fact separately. We think the re-

port shows a substantial compliance with the law, in this respect. They have endeavored to state the facts as they have found them, and have then stated the conclusions to which they have arrived. To condemn reports from referees on such grounds as this, would render a trial before them more technical than at the bar of the Court.

It is also objected that but two of the arbitrators made the report · By the terms of the submission, the finding of two was to be sufficient. It appears from the oath on file, that the three were duly sworn, and we must presume that they all acted.

It is further objected that the report was not made in pursuance of the agreement of reference. The award was to be made on or before the first day of January, 1860. It appears that by the consent of the parties, an order was entered, bearing even date with the submission, requiring the arbitrators te report at the March term, which they did. The arbitrators also certify that the cause was held over, at the request of the parties.

An award which appears to have been fairly made, should not, on light grounds, be disturbed by the Court, and in this cause, the parties by express stipulation, agreed to waive all legal technicalities.

We are of opinion that there is not sufficient ground for reversing the judgment.

In this cause the judgment of the District Court is affirmed, with costs, upon the writ of error, against the plaintiff.