[No. 36953. Department One. November 14, 1963.]

NORTHERN STATE CONSTRUCTION COMPANY, *Respondent*, v. EDWARD BANCHERO et al., *Appellants*.

EDWARD BANCHERO et al., *Appellants*, v. OLIVER W. OLSON, *Respondent*.*

*Reported in 386 P. (2d) 625.

*Holmes & Haggarty,* for appellants.

*Weyer, Sandelin & Sterne (Richie H. Sterne,* of counsel), and *Jonson & Jonson (Bernice Jonson,* of counsel), for respondents.

PER CURIAM.—This appeal presents two problems: (1) The sufficiency of an application for a continuance, and (2) the finality of an award in arbitration.

Appellants, Edward and Edith Banchero, employed Oliver W. Olson, an architect, to plan and design a large supermarket building for them. Their agreement with him had a clause providing for arbitration of all disputes under the rules of the American Arbitration Association. The architect prepared plans and specifications, and a formal contract of construction was executed by the Bancheros and the respondent, Northern State Construction Company. This contract too contained the same arbitration clause.

During the construction, the concrete floor slab upon which the structure rested showed cracks and defects, and these were markedly aggravated when the builder moved a heavy crane upon the slab with which to hoist the side walls into position. The contractor demanded arbitration with the owners and the owners in turn made demand for arbitration upon the architect. By order of the superior court upon the appellants' (owners') petition, the arbitration proceedings were consolidated for concurrent hearings under the rules of the American Arbitration Association and the statutes of the state.

During the course of arbitration, an additional issue was submitted to the arbitration panel on the question of future responsibility for maintenance of and repair to the concrete slab. After 6 days of hearings spaced over 2 months in which the trial court found that "all parties were given full opportunity to present proof of their claims," the panel of arbitrators made their award.

The award fixed responsibility upon the owners and required them to pay the builder $41,462.39 for repairs to and changes in the concrete slab, denied the architect's claim against the owners for portions of his architect's fee, denied the owners' claims against the architect and builder, and fixed responsibility for all future maintenance of and repairs to the concrete floor upon the owners.

The case comes here on appeal from *post* arbitration proceedings in the superior court. Northern State Construction Company filed a motion asking that the award be confirmed and judgment granted thereon, and the owners moved for a vacation of the arbitration award. To support their motion for vacation, the owners (appellants) called each of the members of the arbitration panel as witnesses. Several other witnesses also testified. At the close of the evidence, the owners moved for a continuance to enable them to prepare and submit the entire transcript of the evidence (statement of facts) heard by the panel of arbitrators.

Refusal of the continuance to allow time for preparing and filing this statement of facts with the trial court containing all evidence heard by the arbitration panel is assigned as one of the errors by the owners here on appeal. Appellants also assign error to the entry of judgment confirming the award.

■ On the question of the continuance sought by appellants at the close of the evidence, we point out that though addressed to the discretion of the court it nevertheless was controlled by RCW 4.44.040 which, so far as pertinent, reads:

"A motion to continue a trial on the ground of the absence of evidence, shall only be made upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it, . . . ."

A motion for continuance is addressed to the sound discretion of the court, and the ruling in exercise of that discretion will be disturbed only for a manifest abuse of that discretion. *MacKay v. MacKay*, 55 Wn. (2d) 344, 347 P. (2d) 1062.

■ What, then, are items upon which the court's dis-

cretion is brought to bear under the statute on continuances, RCW 4.44.040? Where, as here, the continuance is sought by reason of the absence of evidence, the applicants for a continuance were obliged to furnish an affidavit showing the materiality of the evidence to be obtained (*Lincoln v. Kuskokwim Fishing & Transp. Co.*, 118 Wash. 137, 203 Pac. 62; 12 Am. Jur., Continuances §§ 4, 5), and that due diligence had been exerted to obtain it. *Thornthwaite v. Greater Seattle Realty & Imp. Co.*, 160 Wash. 651, 295 Pac. 933; *Chamberlin v. Chamberlin*, 44 Wn. (2d) 689, 270 P. (2d) 464, 68 A.L.R. (2d) 457. And, to preserve the exception to the court's denial of a continuance, an offer of proof showing what the absent evidence would prove is required. *State v. Griffith*, 52 Wn. (2d) 721, 328 P. (2d) 897. Appellants were in a good position to comply with all of these requirements as they were, or should have been, familiar with the evidence presented to the board of arbitrators. Since the trial court had no affidavit or offer of proof before it upon which to grant the continuance, we conclude that there was no manifest abuse of discretion in denying appellants' application for a continuance.

■ Appellants assign error to the court's confirmation of the award, and in the refusal to vacate it. We agree with appellants that arbitration is in the nature of a judicial inquiry, calling for evidence and witnesses (*Wagner v. Peshastin Lbr. Co.*, 149 Wash. 328, 270 Pac. 1032) but must add that the standards of judicial conduct and efficiency to which a panel of arbitrators will be held are markedly different from those resting by law and tradition upon judicial officers. Arbitration awards may be vacated, modified or corrected in this jurisdiction pursuant to the following statutes:

RCW 7.04.160:

"In any of the following cases the court shall after notice and hearing make an order vacating the award, . . .

"(1) Where the award was procured by corruption, fraud or other undue means.

"(2) Where there was evident partiality or corruption in the arbitrators or any of them.

"(3) Where the arbitrators were guilty of misconduct,

. . . or of any other misbehavior, by which the rights of any party have been prejudiced.

"(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

" . . .

"An award shall not be vacated upon any of the grounds set forth . . . unless the court is satisfied that substantial rights of the parties were prejudiced thereby. . . ."

RCW 7.04.170:

"In any of the following cases, the court shall, after notice and hearing, make an order modifying or correcting the award, upon the application of any party . . .

"(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award.

"(2) Where the arbitrators have awarded upon a matter not submitted to them.

"(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy. . . ."

The earliest years of this court saw us upholding arbitration procedures when we said:

"An award which appears to have been fairly made, should not, on light grounds, be disturbed by the Court, . . ." *Bachelder, Administrator v. Wallace,* 1 Wash. Terr. 107.

Arbitration is a statutory proceeding and the rights of the parties to it are controlled by statutes. We have now what amounts to a code of arbitration. RCW 7.04.020, *et seq.* There is no claim here or showing that the parties or arbitrators failed to comply with either the statutes or the rules for arbitration adopted by agreement. Errors in the award claimed by appellants do not appear on its face, and the courts will not review an award unless the errors of law or fact are apparent on the face of it. *Hatch v. Cole,* 128 Wash. 107, 222 Pac. 463; *Puget Sound Bridge & Dredging Co. v. Frye,* 142 Wash. 166, 252 Pac. 546. Arbitrators, when acting under the broad authority granted them by both the agreement of the parties and the statutes, become the judges of both the law and the facts, and, unless the

award on its face shows their adoption of an erroneous rule, or mistake in applying the law, the award will not be vacated or modified. *Carey v. Herrick,* 146 Wash. 283, 263 Pac. 190. Nor have the appellants shown that they were deprived of a full and fair hearing, or that their right to submit evidence to the arbitrators was in any way curtailed. *In re Arbitration Puget Sound Bridge & Dredging Co. v. Lake Washington Shipyards,* 1 Wn. (2d) 401, 96 P. (2d) 257.

Accordingly, the award could not be vacated or modified except upon claim and proof of corruption, fraud, misbehavior, or the ultra vires conduct by the arbitrators as described in RCW 7.04.160 (1), (2), (3) and (4), *supra,* or for the apparent miscalculations, misdescriptions or ultra vires action of the panel of arbitrators as declared in RCW 7.04.170 (1), (2) and (3), *supra.*

Since appellants do not bring themselves within any of these provisions, the judgment must be affirmed.

---

January 16, 1964. Petition for rehearing denied.

