[No. 1042-3.   Division Three.   April 8, 1975.]

GILBERT H. MOEN, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

*Ray L. Greenwood*, for appellant.

*Slade Gorton, Attorney General*, and *Steven Milam, Assistant*, for respondent.

McINTURFF, C.J.—This is an appeal from a vacation of an arbitrators' award, awarding plaintiff $10,900 for additional expenses incurred in completing the ductwork for a building. There were no findings of fact or conclusions of law stated in the award.

The contract for the mechanical work was let in November-December 1970, and the project was completed in March 1972. Throughout the period from April 1971 to March 1972 constant changes in the ductwork had to be made. On July 28, 1972, after the completion of the building, a claim was submitted by the subcontractor doing the mechanical work for $39,700. For the purpose of this decision, the prime contractors and subcontractors will be referred to as plaintiffs.

Article 38 of the contract required that all claims "under this contract and under the law" be submitted to arbitration in accordance with the standard form of arbitration

procedure of the American Institute of Architects. Article 14[1] of the contract gave the architect authority to make minor changes in the work not involving extra cost, except in certain emergencies. Changes involving extra costs generally were required to be authorized by the owner. Article 15 required the contractor to give the architect and the owner written notice of any claims involving extra costs.

On April 7, 1971, the architect sent the prime contractor, Gilbert H. Moen & Co., a set of clarification drawings and indicated that there would be no cost change involved. These were subsequently received by the Grant County Mechanical Contractors, one of the subcontractors, whose reply letter of April 14, 1971, made no reference to possible cost changes. During the summer months of 1971 at least one change order was processed in compliance with article 14 of the contract. The testimony elicited at the hearing indicated that neither the owner nor the prime contractor were aware of any other cost changes. Throughout the construction of this building there were on-the-job meetings approximately once a week which included the subcontractors, prime contractor, the owner's representatives and the architect.

The issue is whether the trial court erred in vacating the arbitrators' award. The applicable statute is RCW 7.04.160 (4). It provides:

In any of the following cases the court shall after notice and hearing make an order vacating the award,

---

[1]Article 14 of the contract, entitled Changes in the Work, provided in pertinent part:

"In giving instructions, the Architect shall have authority to make minor changes in the work, not involving extra costs, and not inconsistent with the purposes of the building, but otherwise, except in an emergency endangering life or property, no extra work or change shall be made unless in pursuance of a written order from the Owner signed or countersigned by the Architect, or a written order from the Architect stating that the Owner has authorized the extra work or change, and no claim for an addition to the contract sum shall be valid unless so ordered.

"No change in the work, covered by the approved contract documents, shall be made without having prior written approval of the Owner."

upon the application of any party to the arbitration:

. . .

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

. . .

An award shall not be vacated [on the grounds set forth in subdivision (4)] unless the court is satisfied that substantial rights of the parties were prejudiced thereby.[2]

The plaintiffs contend that the court is bound by the award of the arbitrators unless the award, on its face, shows an adoption of an erroneous rule or mistake in applying the law; that neither of these two elements exist in the instant case and the trial court should have con‑ firmed the award. On the other hand, the defendant (State of Washington) urges that the arbitrators made a clear and plain mistake in their construction of the law of waiver to plaintiffs' claim; and that this matter was brought to the attention of the arbitrators, but to no avail. The defendant further emphasizes that it is an impossibility for a party to have waived a right if it did not have the information upon which the waiver was based until after the fact. The plain‑ tiffs' response is that article 14 was waived because of the architects statement to the subcontractors and the prime contractor that "you get the work done and you get it done now, so we can use the building."

Our courts early established the policy that "An award which appears to have been fairly made, should not, on light grounds, be disturbed by the Court, . . ." *Bach‑ elder v. Wallace*, 1 Wash. Terr. 107, 109 (1860); *accord, Northern States Constr. Co. v. Banchero*, 63 Wn.2d 245, 249, 386 P.2d 625 (1963). The general rule is that arbitrators, when acting under the authority granted them by the con‑ tract between the parties, become the judges of both the law, and the facts. Unless the award on its face shows the adoption of an erroneous rule or mistake in applying the

[2]The trial court's vacation of the award was based on these statu‑ tory provisions.

law, the trial court should not vacate or modify the award. *Thorgaard Plumbing & Heating Co. v. King County,* 71 Wn.2d 126, 134, 426 P.2d 828 (1967); *Northern States Constr. Co. v. Banchero, supra* at 249-50. The general philosophy of the present law was stated in *School Dist. 5 v. Sage,* 13 Wash. 352, 356-60, 43 P. 341 (1896):

> The legislature has also provided, as we have seen, that awards may be set aside for error in fact or law, but inasmuch as there is no provision in the statute requiring arbitrators to file or preserve the evidence received upon the hearing, it would seem to follow that the errors which will sustain an exception to an award on the ground indicated must be discovered by an examination of the award alone. If it was the intention of the legislature to require the court, upon hearing exceptions taken to awards, to examine the evidence submitted to the arbitrators, or, in other words, to try the cause *de novo,* it is but reasonable to presume that they would have so declared. . . . [T]he errors and mistakes contemplated by the statute must appear on the face of the award, or, at least, in some paper delivered with it.

*Accord, Northern States Constr. Co. v. Banchero, supra* at 249; *Hatch v. Cole,* 128 Wash. 107, 222 P. 463 (1924) (quoting with approval).

Article 14 of the contract gave the arbitrators sufficiently broad authority to place them well within the confines of the rule reemphasized in the *Thorgaard* decision. The trial court did not have all the evidence before it as did the arbitration board. Presumably the matter of waiver was argued extensively at the arbitration hearing and decided properly. Waiver may have occurred due to other acts or conduct of which the trial court was unaware and which were taken into consideration by the arbitration board. We hold that since the award on its face does not appear to show a clear mistake in applying the law, or the adoption of an erroneous rule of law, it may not be vacated.

Judgment of the trial court is reversed and the case is remanded to the trial court for an order confirming the award of the arbitrators.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied June 9, 1975.

Review denied by Supreme Court October 7, 1975.