[No. 9277-4-I.   Division One.   November 29, 1982.]

S. J. AGNEW, *Appellant,* v. LACEY CO–PLY, *Respondent.*

*John M. Woodley,* for appellant.
*Dale R. Martin,* for respondent.

DURHAM, J.—S. J. Agnew, d/b/a Agnew Environmental Products, appeals from an order of the Superior Court confirming an arbitration award and denying Agnew's motions to partially vacate or to modify the award with regard to attorney's fees. The underlying contract in the dispute provided that the prevailing party in arbitration "shall be entitled" to reasonable attorney's fees. Although Agnew was successful in the arbitration, the arbitrators did not award attorney's fees.

The dispute arose over an industrial wood waste fired furnace which Agnew agreed to sell to respondent Lacey Co–Ply, a cooperative association which manufactures plywood veneer. The parties entered into a sales contract and purchase agreement which detailed the sale terms, including delivery, installation and payment for the $560,000 fur-

nace. The sales contract, which was signed on March 31, 1976, included an arbitration clause which provided, in part, that

[a]ll claims, disputes and other matters in question arising out of or relating to this agreement or breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . .

The agreement also contained this provision for attorney's fees:

In the event that either party institutes legal action against the other party on account of any breach of this agreement . . . then the prevailing party in such action shall be entitled to reasonable attorney's fees from the non–prevailing party.

Lacey began operating the Agnew furnace in 1977. In April 1978, the furnace broke down and required substantial repairs. Differences arose between the parties as to the performance of each under the contract and responsibilities for repairs. In a letter to Agnew dated June 15, 1978, Lacey's attorney Richard A. Clark discussed Lacey's claims and divided them into the "First Group of Claims" and the "Second Group of Claims." Thereafter, the parties amended the original sales contract. In the amendment they agreed on certain disputed issues, such as payment by Lacey of the remaining balance, and repair of the furnace by Agnew. Lacey agreed to limit its claims against Agnew to the "First Group of Claims" and waived the "Second Group of Claims." Lacey's claims were to be submitted to arbitration pursuant to the original contract. The parties also amended the attorney's fees clause to read as follows:

In the event either party institutes legal action *or undertakes arbitration proceedings* against the other party on account of any br[e]ach of this agreement . . . then the prevailing party in the litigation *or arbitration proceedings* shall be entitled to reasonable attorney's fees from the non–prevailing party.

(Italics ours.) The original contract was ratified except as specifically modified in the amendment. The amendment to

the sales contract and purchase agreement was signed by the parties on July 14, 1978.

Dissatisfaction with the furnace continued. On February 21, 1979, Lacey filed a demand for arbitration. In addition to submission of the "First Group of Claims," Lacey sought rejection of the furnace, repayment of the purchase price and additional damages. On October 5, 1979, Agnew filed a complaint for declaratory judgment in King County Superior Court, asking that the court limit the scope of the arbitration to the "First Group of Claims." The court issued its order on November 5, 1979. Judge Horton Smith stayed the court action pending arbitration and declined to limit the scope of the issues submitted to the arbitrators. The court also ordered the arbitrators to award attorney's fees as provided for in the contract. Agnew appealed the order to this court. Viewing Judge Smith's order as not a final appealable order, the court denied review. The Supreme Court also denied review.

The case went to arbitration and Lacey sought approximately $1.6 million in damages. On May 14, 1980, the arbitrators denied all of Lacey's claims. They also ordered, in paragraph 4 of the award, that "[e]ach party shall bear their own attorneys fees and costs." Agnew moved the court to confirm the award except for attorney's fees. Judge William Goodloe continued the hearing on the motion to confirm and remanded the case to the arbitrators for reconsideration of their paragraph 4. The arbitrators declined to reconsider. Agnew filed a motion to modify or correct the award to include attorney's fees, or to partially vacate the award and set attorney's fees. On August 14, 1980, Judge Scholfield denied Agnew's motions and confirmed the arbitration award in its entirety. Agnew appeals from that order.

We will first examine the court's power to vacate or modify an arbitration award. In Washington, arbitration is a creature of statute, governed by what has been termed a "code of arbitration", RCW 7.04. *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249, 386 P.2d 625 (1963).

The code sets forth grounds for vacation or modification of an arbitration award. RCW 7.04.160, .170. Specifically, RCW 7.04.160 provides in part:

In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:

. . .

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

Lacey contends that the arbitrators are the judges of both the law and the facts, and the court cannot vacate or modify the award unless the award shows on its face the adoption of an erroneous rule or mistake in applying the law. *Northern State Constr. Co. v. Banchero, supra; Moen v. State,* 13 Wn. App. 142, 533 P.2d 862 (1975). According to Lacey, the arbitrators heard argument on the issue and decided not to grant attorney's fees. The court, therefore, is without authority to disturb the award.[1] Agnew argues that the court had the power to vacate or modify the award by virtue of the attorney's fees clause in the contract and by the court's authority to vacate the award because the arbitrators "exceeded their powers". RCW 7.04.160(4). A consideration of the contract leads us to the conclusion that Agnew is correct.

The authority of the arbitration tribunal derives from the contract of the parties. *Balfour, Guthrie & Co. v. Commercial Metals Co.,* 93 Wn.2d 199, 607 P.2d 856 (1980);

---

[1] We reject Lacey's suggestion that the arbitrators made no determination as to which litigant was the "prevailing party". The prevailing party is "that party in whose favor judgment is entered." *Andersen v. Gold Seal Vineyards, Inc.,* 81 Wn.2d 863, 865, 505 P.2d 790 (1973); *Soper v. Clibborn,* 31 Wn. App. 767, 644 P.2d 738 (1982); *Stott v. Cervantes,* 23 Wn. App. 346, 595 P.2d 563 (1979). The tribunal determined that Agnew was the prevailing party when it denied all of Lacey's claims.

Similarly, Lacey's contention that the error, if any, does not appear on the face of the award is clearly without merit. *Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 386 P.2d 625 (1963); *Moen v. State,* 13 Wn. App. 142, 533 P.2d 862 (1975). Paragraph 4 of the award provides that each party shall bear its own attorney's fees.

*Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157, 516 P.2d 1028 (1973); RCW 7.04.010. Lacey admits that the arbitrators could do no more than that authorized by the contract. However, it is Lacey's position that the agreement empowered the tribunal to award attorney's fees, but did not compel it to do so.

The language of the sales agreement and its amendment does not support Lacey's argument. The attorney's fees clause stated that if either party undertook arbitration, "then the prevailing party . . . shall be entitled to reasonable attorney's fees." We do not believe that this language, agreed to by both parties *prior* to arbitration, gave the arbitrators discretion with regard to an award of attorney's fees, except for the amount of the award. Indeed, because the parties agreed on the matter prior to arbitration, there was nothing left for the arbitrators to decide except the amount. The question of whether or not attorney's fees should be awarded to the prevailing party was not an issue submitted to the tribunal for arbitration with the other claims and disputes; having already been decided by the parties by agreement, it was not arbitrable. To hold otherwise would require us to ignore the express language of a contract, something that courts may not do. *Wagner v. Wagner,* 95 Wn.2d 94, 621 P.2d 1279 (1980). A court may not create a contract for the parties which they did not make themselves. It may neither impose obligations which never before existed, nor expunge lawful provisions agreed to and negotiated by the parties. *Wagner v. Wagner, supra; Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976).

If a dispute is not arbitrable, the arbitrators have no power to resolve it. *Teufel Constr. Co. v. American Arbitration Ass'n,* 3 Wn. App. 24, 472 P.2d 572 (1970). The arbitrators awarded neither party attorney's fees in paragraph 4 of the award. Thus they considered and decided a nonarbitrable issue, and thereby exceeded their powers.

Support for our conclusion is found in the language of the attorney's fees clause itself: "In the event either party . . . undertakes arbitration proceedings . . . then the pre-

vailing party . . . shall be entitled to reasonable attorney's fees". The phrase "shall be entitled" has been given mandatory meaning when used in attorney's fees clauses contained in contracts. *Artz v. O'Bannon,* 17 Wn. App. 421, 562 P.2d 674 (1977); *Dalton v. McLaughlin,* 130 Ariz. 270, 635 P.2d 863 (Ct. App. 1981); *Sweis v. Chatwin,* 120 Ariz. 249, 585 P.2d 269 (Ct. App. 1978); *Oak Park Inv. Co. v. Lundy's, Inc.,* 6 Kan. App. 2d 133, 626 P.2d 1236 (1981). When used in constitutional or statutory language, the word "shall" is usually understood to be mandatory, not permissive. *State ex rel. Billington v. Sinclair,* 28 Wn.2d 575, 183 P.2d 813 (1947); *Spokane Cy. ex rel. Sullivan v. Glover,* 2 Wn.2d 162, 97 P.2d 628 (1940); *United States v. Two Hundred & Sixty–Seven Twenty–Dollar Gold Pieces,* 255 F. 217 (W.D. Wash. 1919); *Natural Resources Defense Coun., Inc. v. Berklund,* 458 F. Supp. 925 (D.D.C. 1978), *aff'd,* 609 F.2d 553 (D.C. Cir. 1979). The same is true of the use of "shall" in contracts. *Independent Sch. Dist. 561 v. Independent Sch. Dist. 35,* 284 Minn. 426, 170 N.W.2d 433 (1969).

Agnew and Lacey carefully negotiated the terms of the sales contract and its amendment; the attorney's fees clause was amended to include arbitration proceedings. The parties declined to use the words "may recover" or "may be entitled to," but rather chose "shall be entitled to". In interpreting arbitration provisions, a court must consider the contract as a whole, in light of all circumstances surrounding the transaction, in order to give effect to the expressed intent of the parties. *King Cy. v. Boeing Co.,* 18 Wn. App. 595, 570 P.2d 713 (1977). The intent expressed in the attorney's fees clause was that the parties be bound by their choice of words. The arbitrators should have enforced that intent.

Certainty and confidence in contract law and commercial relations demand that legal agreements be binding. In Washington, arbitration is a highly favored method of dispute resolution. *King Cy. v. Boeing Co., supra.* The policy which encourages arbitration would be undermined if contracting parties perceived that lawful contractual provi-

sions, negotiated and expressly agreed upon, could be ignored by the arbitration tribunal. To promote arbitration, the parties must be assured that such provisions, made prior to the initiation of arbitration proceedings, will be respected.

As set out above, RCW 7.04.160 provides that an arbitration award may be vacated where "the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made." This same statute also provides:

> Where an award is vacated, the court may, in its discretion, direct a rehearing either before the same arbitrators *or before new arbitrators* to be chosen in the manner provided in the agreement for the selection of the original arbitrators . . .

(Italics ours.) RCW 7.04.160. As one commentator has observed:

> Ordinarily where the award is vacated because of honest mistakes on the part of the arbitrator, a rehearing before the same arbitrator will be directed by the court. However, if the grounds for vacating the award are more serious, such as obvious misconduct to the prejudice of a party, the court will most probably direct a rehearing before a new arbitrator.

M. Domke, *Commercial Arbitration* § 35.03, at 317 (1968).

The arbitrators' refusal to award attorney's fees to the prevailing party was not simply a mistake. Judge Smith's order dated November 5, 1979 ordered that "[t]he arbitrators shall award attorney's fees" and they refused to do so. Judge Goodloe's subsequent order dated May 30, 1980 provided that "[t]he case is remanded to the Arbitration Tribunal for the sole and only purpose of the arbitrators' reconsideration" of that paragraph of the arbitration award which had denied attorney's fees to the prevailing party, and once again the arbitrators refused to award attorney's fees.

The order confirming the arbitration award as it relates to attorney's fees is reversed. The case is remanded to the trial court for the entry of an order providing that the issue

of the amount of attorney's fees to be awarded to the prevailing party, S. J. Agnew, be determined by a new arbitration board.

ANDERSEN, C.J., concurs.

Reconsideration denied January 25, 1983.

Review denied by Supreme Court March 29, 1983.