178 P.3d 387 (2008)
Michael MORRELL and Nancy Morrell, husband and wife, Respondents,
v.
WEDBUSH MORGAN SECURITIES INC., a California corporation, Appellant.
No. 35531-1-II.
Court of Appeals of Washington, Division 2.
March 11, 2008.
*388 Christian Nichols Oldham, Michael Alan Nesteroff, Brian Joseph Meenaghan, Lane Powell PC, Seattle, for Appellant.
John Richard Christensen, University Place, John Louis Messina, Messina/Bulzomi, Tacoma, for Respondents.
ARMSTRONG, J.
¶ 1 Wedbush Morgan Securities, Inc. appeals the trial court's order modifying an arbitration panel's denial of attorney fees and awarding the Morrells attorney fees of $44,720. Because the trial court lacked authority to modify the arbitrators' award, we reverse and remand for the trial court to enter an order confirming that award.

FACTS
¶ 2 In 1990, the Morrells announced their plans to retire and travel. As part of their retirement plan, they liquidated their assets and gave sole control of their finances to Wedbush Morgan Securities, Inc. (Wedbush). The Morrells instructed Wedbush, through broker Stuart Simon, to invest their retirement savings conservatively and not to sell their IBM stock.
*389 ¶ 3 The Morrells and Wedbush executed a Customer Account Application and Agreement that contained the following provisions:
L. Laws of the State of California: The provisions of this Agreement shall in all respects be construed according to, and the rights and liabilities of the parties hereto shall in all respects be governed by the laws of the State of California.
M. Attorney's Fees: The undersigned agrees to pay attorney's fees incurred by WMS [Wedbush] in any claim adjudicated against the undersigned, which is in the excess of two thousand dollars. The undersigned consents to jurisdiction in California and venue in Los Angeles in any dispute between WMS and the undersigned.
. . . .
S. Arbitration: The following general provisions apply to all arbitrations under this agreement:
(1) Arbitration is final and binding on the parties.
(2) The parties are waiving their right to seek remedies in court[.]
. . . .
(4) The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modification of rulings by the arbitrators is strictly limited.
. . . .
The undersigned agrees . . . that all controversies which may arise between the undersigned and WMS . . . concerning any transaction or the construction, performance or breach of this or any other agreement between us shall be determined by arbitration[.]
Clerk's Papers (CP) at 55 (emphasis omitted).
¶ 4 In September 2001, the Morrells sued Wedbush in Pierce County Superior Court, alleging that Simon sold 1,200 shares of their IBM stock in 1995, against their express instructions. In September 2002, the parties stipulated that the case should be transferred to arbitration consistent with the terms of the customer agreement and that all judicial proceedings should be stayed pending completion of arbitration.[1]
¶ 5 The Morrells then demanded arbitration before the National Association of Securities Dealers Dispute Resolution, Inc., asserting claims against Simon and Wedbush for unsuitability; negligence; breach of fiduciary duty; negligent, material misrepresentations and omissions; violations of the Securities Act of Washington; violations of Washington's Consumer Protection Act; breach of contract; and failure to supervise. The Morrells requested $355,911.39 in damages, consisting of damages for the unauthorized sale of IBM stock and damages for the alleged unsuitability. They also requested unspecified special damages, rescission, punitive damages, prejudgment interest, and attorney fees and costs.
¶ 6 The parties arbitrated the dispute before a three-person panel of arbitrators in Seattle. Wedbush and Simon initially moved to dismiss all claims. The panel ruled that California law applied to the statute of limitations issues and then dismissed the Morrells' negligence, misrepresentation, Securities Act, Consumer Protection Act, and failure to supervise claims against all respondents.
¶ 7 The panel subsequently awarded the Morrells $70,600 based on their breach of fiduciary duty claim. In doing so, the panel denied the unsuitability claim and did not reach the breach of contract claim. The arbitration panel also awarded prejudgment interest on the compensatory damages award for a total award of $101,817.14. The panel declined to award attorney fees to either party: "With due regard for all of the claims and defenses that have been presented by the parties and resolved in this Award, the Panel has determined that each party will be responsible for its own attorneys fees and costs." CP at 93-94.
¶ 8 On April 3, 2006, the Morrells moved to confirm the arbitration award but to modify the panel's attorney fees decision and award them fees of $44,720. Wedbush opposed the motion, and the trial court reserved its ruling *390 until the Morrells presented a request to reconsider to the arbitrators.
¶ 9 The arbitration panel denied the Morrells' motion for reconsideration, observing first that "`all awards rendered pursuant to [the] NASD [National Association of Securities Dealers] Code shall be deemed final and not subject to review or appeal.'" CP at 167 (quoting NASD Arbitration Rule 1080o(b)). The panel cited its earlier conclusion that "given the resolution of all claims and defenses in the manner addressed in the Award, neither party prevailed for purposes of awarding attorneys fees." CP at 168.
¶ 10 The Morrells then renewed their motion for attorney fees in the superior court, based on their interpretation of Section M of the customer agreement.[2] The trial court agreed with that interpretation and entered findings and conclusions modifying the arbitration award and granting the Morrells fees of $44,720.
¶ 11 The principal issue is whether the trial court had authority under either California or Washington law to modify the arbitrators' decision denying the Morrells attorney fees.

ANALYSIS

I. Jurisdiction
¶ 12 Wedbush argues that the trial court lacked jurisdiction to consider the Morrells' motions because of the provision in the customer agreement stating that the Morrells consented to jurisdiction in California and venue in Los Angeles in any dispute between the parties.
¶ 13 We will enforce reasonable agreements as to the place of either jurisdiction or venue of a suit. Mangham v. Gold Seal Chinchillas, Inc., 69 Wash.2d 37, 45, 416 P.2d 680 (1966); Smith, Valentino & Smith, Inc. v. Superior Court, 17 Cal.3d 491, 494-96, 131 Cal.Rptr. 374, 551 P.2d 1206 (1976). In Mangham, the Supreme Court found contract provisions placing jurisdiction and venue in Oregon unreasonable where the contracts were made in Washington, were to be performed in Washington, and all parties resided in Washington. The only contact with Oregon was the defendant's Oregon incorporation. The court thus affirmed the trial court's denial of the motion for change of venue from Pierce County to Multnomah County. Mangham, 69 Wash.2d at 46-47, 416 P.2d 680.
¶ 14 Before they retired, the Morrells resided in Tacoma and did business with Simon in Seattle. Wedbush is a California corporation with its headquarters in Los Angeles, but it has an office in Seattle. More important than these facts, however, is the procedural history of this case. When the Morrells filed suit in Pierce County Superior Court, Wedbush did not move to dismiss for lack of jurisdiction or for a change of venue. Rather, it sought a stay of the Pierce County proceedings so that arbitration could take place. That arbitration occurred in Seattle, and nothing in the record shows that Wedbush ever objected to that location. Under the circumstances, enforcement of the forum selection clause would be unreasonable, and we conclude that the trial court properly considered the Morrells' motions. See Dix v. ICT Group, Inc., 160 Wash.2d 826, 834, 161 P.3d 1016 (2007).

II. Choice Of Law
¶ 15 The parties next dispute whether Washington or California law applies. But we will engage in a conflict of law analysis only if there is an actual conflict in the laws of the two jurisdictions. Erwin v. Cotter Health Ctrs., 161 Wash.2d 676, 692, 167 P.3d 1112 (2007). An actual conflict exists where the result of an issue differs under the laws of the two states. As the following discussion shows, Washington and California law dictate the same result here.

III. Reviewing An Arbitration Award
¶ 16 Courts favor arbitration as an expeditious means of resolving conflicts without involving the courts. Beroth v. Apollo Coll., Inc., 135 Wash.App. 551, 557, 145 P.3d *391 386 (2006). Arbitration is designed to settle controversies, not to serve as a prelude to litigation. Westmark Props., Inc. v. McGuire, 53 Wash.App. 400, 402, 766 P.2d 1146 (1989); see also Moncharsh v. Heily & Blasé, 3 Cal.4th 1, 10, 10 Cal.Rptr.2d 183, 832 P.2d 899 (1992) (arbitrator's decision should be the end of dispute, not the beginning). By ensuring that an arbitrator's decision is final and binding, courts ensure that the parties receive the benefit of their bargain. Moncharsh, 3 Cal.4th at 10, 10 Cal.Rptr.2d 183, 832 P.2d 899.
¶ 17 Because of the strong public policy in favor of private arbitration, judicial review of arbitration awards is extremely limited. Bd. of Educ. v. Round Valley Teachers Ass'n, 13 Cal.4th 269, 275, 52 Cal. Rptr.2d 115, 914 P.2d 193 (1996); Westmark, 53 Wash.App. at 402, 766 P.2d 1146. Courts will not review an arbitrator's decision on the merits. Westmark, 53 Wash.App. at 402, 766 P.2d 1146; Moncharsh, 3 Cal.4th at 11, 10 Cal.Rptr.2d 183, 832 P.2d 899. Arbitration awards may be vacated or modified only on very limited statutory grounds. Ajida Tech., Inc. v. Roos Instruments, Inc., 87 Cal. App.4th 534, 542, 104 Cal.Rptr.2d 686 (2001); Barnett v. Hicks, 119 Wash.2d 151, 153-54, 829 P.2d 1087 (1992).
¶ 18 The trial court here did not vacate the arbitration award; rather, it modified it. Under California law, the trial court can modify an award where:
(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
(b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or
(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.
Cal.Code Civ. Proc. § 1286.6.
¶ 19 Washington has nearly identical grounds for modifying an arbitration award. The trial court can modify an arbitration award where:
(a) There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
(b) The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or
(c) The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.
RCW 7.04A.240(1)(a)-(c).
¶ 20 The burden of showing that statutory grounds exist is on the party seeking to modify the arbitration award. Betz v. Pankow, 16 Cal.App.4th 919, 923, 20 Cal. Rptr.2d 834 (1993); Pegasus Const. Corp. v. Turner Const. Co., 84 Wash.App. 744, 748, 929 P.2d 1200 (1997). In California, a petition to correct or vacate an arbitration award must set forth the grounds on which the request for such relief is based. Cal.Code Civ. Proc. § 1285.8.
¶ 21 The Morrells rely on Section M of the customer agreement. They argue initially that the trial court did not review the arbitration award but instead enforced a mandatory provision of the customer agreement. This argument lacks merit. Under both Washington and California law, the court can modify an arbitration award only for specific statutory reasons. If the trial court can modify an arbitration award simply to "enforce the contract," there is little point in the parties agreeing to arbitrate and then going through the arbitration procedure; the superior court would have the power to alter an arbitration award in any particular if the court found it necessary under the contract. And this would frustrate the very purpose of arbitrations. Instead of serving as an efficient, speedy remedy for disputes, arbitration would simply be the prelude to adjudication of the disputes with the attendant appeals.
¶ 22 The Morrells argue in the alternative that the panel exceeded its powers by failing to award them fees. Although this is not a statutory ground to modify an arbitration award under Washington law, it is under *392 California law. Thus, we consider the argument.[3]
¶ 23 Under California law, arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision. Moncharsh, 3 Cal.4th at 28, 10 Cal.Rptr.2d 183, 832 P.2d 899. A contrary holding would permit the exception to swallow the rule of limited judicial review, because a litigant could always contend the arbitrator erred and thus exceeded his powers. Moncharsh, 3 Cal.4th at 28, 10 Cal. Rptr.2d 183, 832 P.2d 899. It is within the arbitrator's "powers" to resolve the merits of the controversy submitted, and the merits include all of the contested issues of law and fact submitted for decision. Moncharsh, 3 Cal.4th at 28, 10 Cal.Rptr.2d 183, 832 P.2d 899. In Moncharsh, the arbitrator's allocation of attorney fees did not exceed his powers because the dispute over fees was an issue the parties had agreed to arbitrate. Moncharsh, 3 Cal.4th at 28, 10 Cal.Rptr.2d 183, 832 P.2d 899.
¶ 24 The California Supreme Court cited Moncharsh in again holding that an arbitrator's denial of attorney fees could not be reviewed for error. Moshonov v. Walsh, 22 Cal.4th 771, 94 Cal.Rptr.2d 597, 996 P.2d 699 (2000). The arbitrator found defendants were the prevailing parties and entitled to their costs but ruled that the underlying contract did not provide for attorney fees on the tort actions pleaded against them. Moshonov, 22 Cal.4th at 775, 94 Cal.Rptr.2d 597, 996 P.2d 699. Because the parties had prayed for fees in their pleadings and had submitted the matter to binding arbitration, the arbitrator had the power to decide the entire matter of recovery of attorney fees and its decision could not be reviewed for error. Moshonov, 22 Cal.4th at 776, 94 Cal. Rptr.2d 597, 996 P.2d 699.
¶ 25 In so holding, the court distinguished DiMarco v. Chaney, 31 Cal.App.4th 1809, 37 Cal.Rptr.2d 558 (1995). Moshonov, 22 Cal.4th at 778-79, 94 Cal.Rptr.2d 597, 996 P.2d 699. In DiMarco, the arbitrator stated that the defendant was the prevailing party but denied the defendant's request for fees, stating only that he believed he had the discretion to do so. This was despite the arbitrator's acknowledgement of Civil Code section 1717, which provides that attorney fees are recoverable as costs by the prevailing party if the contract provides for an award of fees to any party. DiMarco, 31 Cal.App.4th at 1812, 37 Cal.Rptr.2d 558. The superior court corrected the award by giving the defendant her attorney fees, and the appellate court affirmed. DiMarco, 31 Cal.App.4th at 1815, 37 Cal.Rptr.2d 558. The Moshonov court distinguished DiMarco on the basis that there the arbitrator's belief that he had discretion to deny fees conflicted with the mandatory terms of the underlying contract. In Moshonov, by contrast, the arbitrator based her decision on an interpretation of the contractual fees clause, concluding that the clause did not apply to the action at hand. Moshonov, 22 Cal.4th at 779, 94 Cal. Rptr.2d 597, 996 P.2d 699. As such an interpretation could at most amount to an error of law on a submitted issue, it did not exceed the arbitrator's powers and did not warrant judicial review. Moshonov, 22 Cal.4th at 779, 94 Cal.Rptr.2d 597, 996 P.2d 699.
¶ 26 Finally, the California Supreme Court declined to correct an arbitration award that denied attorney fees in Moore v. First Bank of San Luis Obispo, 22 Cal.4th 782, 94 Cal. Rptr.2d 603, 996 P.2d 706 (2000). In Moore, the arbitration panel awarded plaintiffs all the relief they had sought on their contract causes of action but, without making a finding as to the existence of a prevailing party, decided that each party was to bear its own attorney fees. Moore, 22 Cal.4th at 784, 94 Cal.Rptr.2d 603, 996 P.2d 706. The plaintiffs argued that the panel had no power to refuse attorney fees after it implicitly designated them the prevailing parties on the contract by awarding them their requested relief. *393 Moore, 22 Cal.4th at 787, 94 Cal.Rptr.2d 603, 996 P.2d 706. The Supreme Court rejected this analysis because the arbitrators did not designate a prevailing party for purposes of Civil Code section 1717 and because failure to designate amounted at most to an error of law on a submitted issue and did not exceed the arbitrators' powers under Moncharsh. Moore, 22 Cal.4th at 788, 94 Cal.Rptr.2d 603, 996 P.2d 706. The court then reasoned that the arbitrators might have based the award on noncontractual theories and thus saw that no party unequivocally prevailed on the contract. But, even if legally erroneous, the arbitral decision as to who, if anyone, prevailed in the contractual dispute was not reviewable. Moore, 22 Cal.4th at 788, 94 Cal.Rptr.2d 603, 996 P.2d 706.
¶ 27 Under this authority, the arbitrators did not exceed their powers in holding that the Morrells were not the prevailing party and thus not entitled to attorney fees. The Morrells asked the arbitration panel to award them fees, and the panel declined to do so in light of all of the claims and defenses raised and, as explained in the order denying reconsideration, because of its conclusion that neither party prevailed. Under California law, this conclusion is not subject to review.
¶ 28 Washington courts are not quite as restricted in evaluating arbitration awards; they may review an alleged error that appears on the face of the award. Davidson v. Hensen, 135 Wash.2d 112, 118, 954 P.2d 1327 (1998). "The error should be recognizable from the language of the award, as, for instance, where the arbitrator identifies a portion of the award as punitive damages in a jurisdiction that does not allow punitive damages." Federated Servs. Inc. Co. v. Pers. Rep. of Estate of Norberg, 101 Wash.App. 119, 124, 4 P.3d 844 (2000). In the absence of an error of law on the face of the award, the arbitrator's award will not be vacated or modified. Davidson, 135 Wash.2d at 118, 954 P.2d 1327.
¶ 29 Accordingly, a trial court has no collateral authority to go behind the face of an arbitration award and determine whether additional amounts are appropriate. Dayton v. Farmers Ins. Group, 124 Wash.2d 277, 280, 876 P.2d 896 (1994) (citing Westmark, 53 Wash.App. at 404, 766 P.2d 1146).[4] Where the arbitration award included costs but not fees, the Dayton court reversed the trial court's subsequent award of fees because it did not meet the statutory criteria for correcting or modifying the award. Dayton, 124 Wash.2d at 280, 876 P.2d 896. In Westmark, we reversed a trial court's addition of prejudgment interest to an arbitration award. Because the trial court was foreclosed from going behind the face of the award, it had no basis for determining whether the amount awarded met the test for prejudgment interest; "this was part of the merits of the controversy, forbidden territory for a court." Westmark, 53 Wash.App. at 404, 766 P.2d 1146.
¶ 30 Similarly, we have held that the court may not modify an arbitration award denying attorney fees where the face of the award did not disclose who prevailed. Phillips Bldg. Co., Inc. v. An, 81 Wash.App. 696, 915 P.2d 1146 (1996). We recognized that RCW 4.84.330 provides that the prevailing party in a contract action is entitled to attorney fees if the contract authorizes such an award. Phillips, 81 Wash.App. at 701, 915 P.2d 1146. We also noted that where both parties to an action are afforded some measure of relief, neither party may be entitled to attorney fees. Phillips, 81 Wash.App. at 702, 915 P.2d 1146. The arbitrators granted the Ans a monetary award but also ordered them to pay off some liens. And because the award did not state what value the arbitrators placed on the liens, we could not ascertain whether the monetary award made the Ans the prevailing party. Because the prevailing party could not be determined from the face of the award, the award could not be modified by adding an award of attorney fees. Phillips, 81 Wash.App. at 704, 915 P.2d 1146.
*394 ¶ 31 In reaching that result, we distinguished the holding in Agnew v. Lacey Co-Ply, 33 Wash.App. 283, 654 P.2d 712 (1982). Lacey brought claims of $1.6 million against Agnew and the arbitration panel denied all of Lacey's claims, thereby rendering Agnew the prevailing party. Agnew, 33 Wash.App. at 286, 654 P.2d 712. The arbitration panel ordered each party to pay its own costs, even though the underlying contract in the dispute provided that the prevailing party was entitled to attorney fees. Agnew, 33 Wash.App. at 285-86, 654 P.2d 712. On appeal, Division One determined that the arbitrators had exceeded their authority by failing to award attorney fees to Agnew, the prevailing party.[5]Agnew, 33 Wash.App. at 287, 654 P.2d 712. In Phillips, we distinguished Agnew because there, the court did not have to go behind the award to determine the value of each side's various claims or the arbitration panel's resolution of those claims. Phillips, 81 Wash.App. at 704, 915 P.2d 1146.
¶ 32 We now question the analysis in Agnew. The court reasoned that the arbitrators exceeded their powers by deciding an issue not submitted to them. Agnew, 33 Wash.App. at 288, 654 P.2d 712. The court noted that the parties' contract granted attorney fees to the prevailing party in any contract dispute; the award showed that the arbitrators denied Lacey's claims entirely; and, according to the court, the parties had agreed, with the "prevailing party" language, not to submit the attorney fees issue to arbitration. Agnew, 33 Wash.App. at 288, 654 P.2d 712. Thus, the arbitrators exceeded their authority when they denied fees to the prevailing party. Yet the court then analyzed the contract language and concluded that under case law an award was mandatory. Agnew, 33 Wash.App. at 289, 654 P.2d 712. We find this reasoning strained. Clearly, the parties submitted all contract issues to the arbitrators. Agnew, 33 Wash. App. at 285-86, 654 P.2d 712. And the award of attorney fees was included as a contract issue. Thus, the arbitrators had the power to decide the attorney fees issue, even if they did so wrongly. Moreover, the court could not engage in its contract analysis without going behind the face of the award; it had to analyze the contract language to conclude that it mandated an award. The Agnew court thereby corrected what it perceived as an arbitrators' legal mistake in a manner that Washington law does not permit.
¶ 33 Here, the trial court also looked behind the face of the arbitration award when it considered Section M of the customer agreement since that provision is nowhere mentioned in the award. The trial court cited the language of Section M in its findings of fact even though that language does not appear anywhere in the arbitration award. To support a reversal of this decision, Wedbush also gives us information not found on the face of the award; i.e., the amount of damages the Morrells initially sought. The face of the award does show, however, that the Morrells succeeded on only one of their eight original claims and that their final award was decreased by the panel's conclusion that they should have mitigated their losses and by the recognition of the partial redress Wedbush had already provided. The face of the award supports the panel's decision that neither party prevailed for the purpose of awarding fees. See Sardam v. Morford, 51 Wash.App. 908, 911, 756 P.2d 174 (1988) (where both parties prevail on major issues, neither is entitled to attorney fees).
¶ 34 The Morrells maintain, however, that the panel's reference to the prevailing party analysis shows clear error on the face of the award. They also claim that the award is erroneous on its face because it failed to award fees under Section M of the customer agreement. Despite these assertions of facial error, the Morrells' attempts to justify the trial court's ruling in this court rest on their analysis of the contract as well as statutory law governing attorney fees. We do not address these arguments because they necessitate going behind the face of the arbitration award. We note, however, that the Morrells' claims of error in this regard would not succeed on the merits. See Scott Co. v. *395 Blount, Inc., 20 Cal.4th 1103, 1109, 86 Cal. Rptr.2d 614, 979 P.2d 974 (1999) (California statute rendering unilateral fees provision mutually entitles party who prevails on the contract to recover fees); Marine Enter., Inc. v. Sec. Pac. Trading Corp., 50 Wash. App. 768, 772, 750 P.2d 1290 (1988) (Washington statute rendering unilateral fees provision mutually does not authorize fee award where both parties receive some measure of relief.)

IV. Attorney Fees
¶ 35 The Morrells request attorney fees under RAP 18.1. Because the Morrells have not prevailed on appeal, they are not entitled to attorney fees.
¶ 36 We reverse the award of attorney fees to the Morrells and remand for the trial court to enter an order confirming the arbitration award.
We concur: VAN DEREN, A.C.J., and QUINN-BRINTNALL, J.
NOTES
[1] The record does not show what prompted this stipulation, but Wedbush asserts in its opening brief that it successfully moved to stay the lawsuit and transfer the proceedings to arbitration.
[2] Under Section M, the Morrells agreed to pay attorney fees to Wedbush in any claim adjudicated against them that exceeded $2,000.
[3] In Washington, the relevant provision states that an arbitration award may be modified not when the panel exceeded its powers, as in California, but when the panel has made an award on a claim not submitted to arbitration. RCW 7.04A.240(1)(b); but see RCW 7.04A.230(1)(d) (court may vacate award if arbitrator exceeded powers). Because the Morrells submitted the issue of fees to arbitration, the trial court lacked statutory authority to modify the award to include fees under Washington law.
[4] Courts may, of course, look to the contract to identify the issues the parties agreed to arbitrate and, therefore, the scope of the arbitrator's authority. See Phillips Bldg. Co., Inc. v. An, 81 Wash.App. 696, 698, 915 P.2d 1146 (1996).
[5] Even with that holding, Division One did not award fees but remanded for entry of an order requiring a new panel to determine the amount of fees. Agnew, 33 Wash.App. at 290-91, 654 P.2d 712.