[No. 46058–8357–1–I.   Division One.   October 13, 1980.]

HAZEL R. KEEN, *as Personal Representative, Appellant,*
v. IFG LEASING COMPANY, *Respondent.*

*In the Matter of the Arbitration Between* IFG LEASING
COMPANY, *Respondent, and* HAZEL R. KEEN, *as
Personal Representative, Appellant.*

*Carroll, Rindal, Kennedy & Shuck* and *James Kennedy*, for appellant.

*David Balint, John Ranquet, Devin, Hamlin, Erickson & Fay*, and *Geoffrey Groshong*, for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The personal representative of William P. Keen appeals from a judgment confirming an arbitration award against Keen which was entered in the Superior Court of the State of Washington for King County and from an order denying Keen's challenge to the court's jurisdiction.

The appeal was filed in the Supreme Court of the State of Washington and on January 15, 1980, the Supreme Court transferred it to this court for hearing and determination.

The dispute between the parties arose out of an equipment lease dated May 5, 1977 whereby Keen, an Oregon logger, leased a large piece of logging equipment from IFG Leasing Company, a Minnesota corporation.

The lease contained the American Arbitration Association's standard arbitration clause providing that "[a]ny controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by arbitration in accordance with the Rules of the American Arbitration Association . . ." The clause further provided that any such arbitration would be held in Seattle, Washington.

IFG claimed that Keen defaulted in his payments under the lease. On January 10, 1978, it commenced an arbitration in Seattle. Keen appeared in the arbitration proceeding through Oregon counsel by filing an answer, by counterclaiming for cancellation or rescission of the lease and by demanding a 3–member arbitration panel.[1] The arbitration panel which was selected consisted of three practicing Seattle attorneys.

Some months later, on July 19, 1978, Keen, through Seattle counsel, filed a complaint in the Superior Court of the State of Washington relative to this same lease. In his complaint, he alleged various misrepresentations in connection with the lease and again sought rescission and damages. IFG moved for a stay pending arbitration. In Keen's pleadings opposing the requested stay, he claimed that he had been fraudulently induced to enter into the lease and also that the lease violated the consumer fraud act, RCW 19.86. It also appears in the pleadings filed in connection with that motion that the arbitration panel had before it the issue of whether or not the arbitrators had jurisdiction of the matter.

On the basis of the showing by the respective parties, the Superior Court on August 15, 1978, entered an order "that these proceedings be and they hereby are, stayed as against IFG Leasing Company until the issues involved herein have been submitted to arbitration . . ."

---

[1] A special appearance was filed in the arbitration proceeding on behalf of Hazel Keen and she was later dismissed from the action. Her present participation in this case is only in a representative capacity as the late Mr. Keen's personal representative.

Subsequently the arbitrators handed down their written award on behalf of IFG on January 5, 1979. On January 19, 1979, IFG moved for an order confirming the arbitration award and noted it up for hearing on the February 6, 1979 motion calendar. The motion and note for the motion calendar were personally served on Mr. Keen in Oregon on January 29, 1979.

On February 5, 1979, Keen filed an objection to the confirmation of the award and a motion to vacate same on the grounds that "the award was procured by corruption, fraud or other undue means; the arbitrators exceeded their powers; there was no valid submission or arbitration agreement and the arbitrators did not have jurisdiction to hear and decide the matters herein." The pleading stated that "[t]his motion is based on the records and files herein and on the verified Amended Complaint for Injunction, Rescission, Damages and Attorney Fees filed herewith and made a part hereof."

The amended complaint also filed by Keen on February 5, 1979 alleged misrepresentations as to the capability of the equipment and fraud. It also alleged violations of the consumer protection act (RCW 19.86), the retail installment sales act (RCW 63.14) and usury statutes (RCW 19.52).

On February 6, 1979, the Superior Court, after a contested hearing, entered its order confirming the arbitration award against Keen. At the time of that hearing, Keen orally challenged the jurisdiction of the court over his person and orally moved to consolidate his original superior court action which had been stayed with IFG's action for confirmation of the award. Later, on February 21, 1979, the court entered a written order to the same effect, and formally entered another order granting Keen leave to amend his complaint in accordance with the copy of the amended complaint that he had filed on February 5, 1979.

Also on February 21, 1979, the Superior Court rendered

judgment for IFG against Keen in conformity with the arbitration award. The judgment is set out in the margin.[2]

Keen's assignments of error present three issues.

## ISSUES

ISSUE ONE. Did the Superior Court err in denying Keen's challenge to the court's jurisdiction to enter an order confirming the arbitration award because of insufficiency of the process served on Keen?

ISSUE TWO. Did the Superior Court err when it refused to vacate the arbitration award, confirmed the award and entered judgment against Keen?

ISSUE THREE. Did the Superior Court err in ordering Keen's lawsuit stayed pending conclusion of the arbitration proceeding?

---

[2]The judgment provides:

"THIS MATTER having come on duly and regularly for hearing before the undersigned Judge/Court Commissioner pursuant to the Arbitration Statute, RCW 7.04.010, et seq., and pursuant to the motion for order confirming arbitration award as well as the arbitration award, an order confirming said arbitration award having been heretofore entered by this Court and the Court being duly advised in the premises, it is hereby

"ORDERED, ADJUDGED, AND DECREED that petitioner IFG Leasing Company have judgment against respondent William P. Keen in the principal amount of $58,208.54 together with reasonable attorneys' fees in the amount of $270.00 for the costs of these confirmation proceedings together with petitioner's costs and disbursements herein in the amount of $67.35, which judgment shall carry interest at the legal rate until fully satisfied. It is further

"ORDERED that the administrative fees and expenses of the American Arbitration Association and the fees for the remuneration of the Arbitrator shall be borne by the parties equally and shall be paid as directed by the Tribunal Accounts Division of the American Arbitration Association, which amounts are to be substantiated by the filing of a cost bill herein. It is further

"ORDERED that if the above amounts are paid and the additional sum of $4,500 is paid to IFG Leasing Company no later than April 4, 1979, then title to the Timber Master Skidder, which was the subject of the lease between the parties, shall be conveyed to William P. Keen. It is further

"ORDERED that if the payment in preceding paragraph is not made by the date set forth therein, that the title to the aforesaid equipment continues to reside in petitioner and William P. Keen is specifically ordered to return the same to petitioner, and in the event of his failure to do so a further judgment in the amount of $4,500 is hereby awarded against him effective on April 5, 1979."

## DECISION

CONCLUSION. We answer the question posed by each of these issues in the negative.

■ We start with the proposition that an arbitration proceeding, while similar to a lawsuit in some respects, is different in others.

> The proceeding is in a forum selected by the parties in lieu of a court of justice. The object is to *avoid,* what some feel to be, the formalities, the delay, the expense and vexation of ordinary litigation. . . . It depends for its existence and for its jurisdiction upon the parties having contracted to submit to it, and upon the arbitration statute.

(Citation omitted.) *Thorgaard Plumbing & Heating Co. v. County of King,* 71 Wn.2d 126, 132, 426 P.2d 828 (1967).

Keen's challenge to the court's in personam jurisdiction over him is based on the statute pertaining to personal service on out–of–state defendants, RCW 4.28.180. It is his contention that since he was not accorded the 60–day notice specified by that statute, the order confirming the arbitration award, and the judgment entered against him on that award, are invalid.

■ The fact that a party to an arbitration may apply to the superior court for confirmation of the award cannot be equated with bringing a new action. "It is no more than a motion for an order to enforce an award of compensation already made by the arbitrators, pursuant to contract." *Thorgaard Plumbing & Heating Co. v. County of King, supra* at 132. Here Keen was a party to, and a participant in, a King County arbitration proceeding. Following entry of the arbitration award in its favor, IFG moved the Superior Court for King County for an order confirming the award, as it was authorized to do. RCW 7.04.150; RCW 7.04.020.

Five days' written notice of a motion for a confirmation order is the notice that is required by the arbitration act, RCW 7.04.150. The rules of court prescribe the same notice. *See* CR 6(d); RCW 7.04.020. Keen was given more than 5

days' notice and was represented by counsel at the Superior Court hearings wherein the award against him was confirmed and judgment was entered. Proper notice was given and the Superior Court had jurisdiction of both Mr. Keen and the cause before it.

Keen next argues that fraud was committed by IFG in various respects in connection with the lease. He also argues that the arbitration clause "was fraudulently included in the documents without any knowledge, consent or notice to William Keen."

To the extent that the fraud claim is a claim of fraudulent inducement to enter into an arbitration clause, the court was required to settle whether the arbitration clause was valid or fraudulent prior to the other disputes being presented to the arbitration panel. *Moseley v. Electronic & Missile Facilities, Inc.*, 374 U.S. 167, 171, 10 L. Ed. 2d 818, 83 S. Ct. 1815 (1963); *Pinkis v. Network Cinema Corp.*, 9 Wn. App. 337, 343, 512 P.2d 751 (1973). The Superior Court rejected the contention that Keen was fraudulently induced to enter into the arbitration clause and so do we. In point is our holding in the face of a similar contention in *Pinkis v. Network Cinema Corp., supra* at 343–44:

> The purport of that affidavit is that the plaintiffs were not aware of the arbitration clause in the agreement. This stance does not impress us as sufficient to raise a claim that the defendant fraudulently induced the plaintiffs to agree to arbitrate disputes. . . . The plaintiffs were mature businessmen engaged in a substantial investment who lived under this agreement for a period of nearly 2 years. It does not befit them to claim by affidavit in resistance to the motion to stay proceedings that they did not read the agreement they signed and innocently were led astray.

(Citations omitted.)

In the present case, although the businessmen who were the parties to the lease did not operate under it for 2 years, as in *Pinkis v. Network Cinema Corp., supra*, they did

operate under it for a number of months before IFG commenced arbitration proceedings claiming a default in Keen's payments under the lease. Keen's belated claim that he had not read the arbitration clause in the printed lease which he signed was insufficient to raise a claim that he was fraudulently induced to agree to arbitrate all disputes.

■ The arbitration clause in the present case is of sufficient breadth and scope that the other issues, including the issue of fraud in the inducement of the lease, were properly before the arbitration panel for decision. *Pinkis v. Network Cinema Corp., supra* at 341–46; *Allison v. Medicab Int'l, Inc.,* 92 Wn.2d 199, 203, 597 P.2d 380 (1979).

■ We do not have before us either a transcript of the arbitration proceedings or of any of the hearings in the Superior Court. Keen's various other claims of error in connection with the adjudication of this dispute must therefore be decided on the face of the award and any documents delivered with it. *Moen v. State,* 13 Wn. App. 142, 144–45, 533 P.2d 862 (1975). We have carefully reviewed the award and the claimed errors and have measured them against the statutory grounds for vacating arbitration awards, RCW 7.04.160. We conclude here, as the Supreme Court concluded in *Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 249–50, 386 P.2d 625 (1963):

> Errors in the award claimed by appellants do not appear on its face, and the courts will not review an award unless the errors of law or fact are apparent on the face of it. *Hatch v. Cole,* 128 Wash. 107, 222 Pac. 463; *Puget Sound Bridge & Dredging Co. v. Frye,* 142 Wash. 166, 252 Pac. 546. Arbitrators, when acting under the broad authority granted them by both the agreement of the parties and the statutes, become the judges of both the law and the facts, and, unless the award on its face shows their adoption of an erroneous rule, or mistake in applying the law, the award will not be vacated or modified. *Carey v. Herrick,* 146 Wash. 283, 263 Pac. 190. Nor have the appellants shown that they were deprived of a full and fair hearing, or that their right to submit evidence to the arbitrators was in any way curtailed. *In re Arbitration*

*Puget Sound Bridge & Dredging Co. v. Lake Washington Shipyards,* 1 Wn. (2d) 401, 96 P. (2d) 257.

The burden of showing fraud or other matters sufficient to set aside the arbitration award is on the party seeking to set it aside and if that burden is not sustained, the award will be affirmed. 5 Am. Jur. 2d *Arbitration and Award* § 186, at 656–57 (1962); 6 C.J.S. *Arbitration* § 174, at 447 (1975). Keen has not met that burden. The arbitration award (including the opinion of the dissenting arbitrator) and the pleadings summarized at the outset of this opinion suggest to the contrary; that is, that the entire dispute between the parties was fully tried out in the arbitration proceeding. Keen is bound by the arbitration award. *See Keith Adams & Assocs., Inc. v. Edwards,* 3 Wn. App. 623, 626, 477 P.2d 36 (1970).

Keen's remaining contention, that the Superior Court erred in ordering his lawsuit stayed pending arbitration, is likewise not well taken. The arbitration act specifically authorizes such stays.[3] The Superior Court's stay order was appropriate on the showing made.

"Agreements to arbitrate are valid and will be enforced by the courts." *Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157, 160, 516 P.2d 1028 (1973). The agreement to arbitrate in this case was valid, was properly enforced by the Superior Court and the Superior Court's confirmation award and judgment are affirmed.

IFG requests attorneys' fees on appeal based on a clause in the lease which provides that IFG has the right to charge Keen for all costs and expenses of collection including a reasonable attorney's fee. Pursuant to RAP 18.1, IFG has also filed an affidavit in support thereof. The award of the

---

[3]RCW 7.04.030 provides:

"If any action for legal or equitable relief or other proceedings be brought by any party to a written agreement to arbitrate, the court in which such action or proceeding is pending, upon being satisfied that any issue involved in such action or proceeding is referable to arbitration under such agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in accordance with the agreement."

arbitrators provided, however, that "[a]ttorneys' fees and other costs shall be borne by respective parties." As observed above, we do not have the factual basis of the arbitrators' decision before us, therefore, we do not know why attorneys' fees and costs were not awarded to IFG in the arbitration. Having decided that the arbitration award against Keen should be enforced according to its terms, we hereby exercise our discretion under RAP 18.1 by also enforcing the intent of the arbitrators in the matter of attorneys' fees and costs by denying IFG its attorneys' fees and costs, save statutory attorneys' fees and costs.

Affirmed.

JAMES, A.C.J., and RINGOLD, J., concur.