**Richard D. 'SLOMKOWSKI, Plaintiff,**

**v.**

**CRAIG–HALLUM, INCORPORATED**
**and Sandy Brink, Defendants.**

**No. 3–85 CIV 680.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 27, 1986.

Mansur, O'Leary & Gabriel by Edward N. Mansur, St. Paul, Minn., for plaintiff.

Lindquist & Vennum by Kurtis A. Greeley, Minneapolis, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

This matter is before the court upon defendant Craig-Hallum, Inc.'s motion to compel arbitration. Craig-Hallum seeks an order compelling plaintiff Richard D. Slomkowski to submit to arbitration his claims against Craig-Hallum, and to stay further judicial proceedings in this action pending arbitration of Mr. Slomkowski's claims.

## FACTS

On July 28, 1978, Slomkowski entered into a Customer's Margin Agreement with defendant Craig-Hallum, Inc. Paragraph 11 of the Customer's Agreement provided "any controversy between you and me arising out of or relating to this agreement or the breach thereof shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association...." Pursuant to this agreement, Craig-Hallum opened an account for the purchase and sale of securities for Slomkowski, and made a number of purchases and sales. On May 23, 1984, Slomkowski entered into an identical Customer's Margin Agreement with Craig-Hallum. Once again, Craig-Hallum opened an account for Slomkowski and purchased and sold securities for him under the terms of the Customer's Agreement. On or about March 12, 1985, Slomkowski commenced this action against Craig-Hallum and Sandy Brink in the District Court of Hennepin County, Minnesota. Slomkowski alleged causes of action based on breach of contract, breach of fiduciary duty, violation of federal and Minnesota securities laws, common law fraud in the inducement and performance of the contract, and willful and malicious acts by the defendants entitling plaintiff to punitive damages. On April 10, 1985, defendants removed this action to the United States District Court. Defendants then moved the court to compel arbitration of Slomkowski's arbitrable claims, and to stay further judicial action pending arbitration of those claims.

The court deferred consideration of Craig-Hallum's motion pending the decision of the United States Court of Appeals for the Eighth Circuit in *Phillips v. Merrill Lynch, Pierce, Fenner & Smith,* 795 F.2d 1393 (8th Cir.1986). Craig-Hallum now renews its motion to compel arbitration.

## DISCUSSION

Slomkowski opposes Craig-Hallum's motion to compel arbitration on two grounds. First, Slomkowski contends that several of his claims are not properly subject to arbitration. Second, Slomkowski contends that his allegation that the Customer's Agreements were fraudulently induced requires judicial determination, at least of the fraud in the inducement claim itself. This being the case, Slomkowski contends that judicial economy strongly recommends that this court retain the entire case.

Slomkowski contends that only his contract claims are properly subject to arbitration. He bases this argument entirely upon an interpretation of the parties' agreement to arbitrate. The plaintiff concedes that the Eighth Circuit's decision in the *Phillips* case settles the proposition that Rule 10–b(5) claims are appropriate for arbitration. Plaintiff also does not dispute the arbitrability of pendent state law claims generally. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985); *Surman v. Merrill Lynch, Pierce, Fenner & Smith,* 733 F.2d 59 (8th Cir.1984). Instead, plaintiff argues that the language of the arbitration agreement speaks only of breach of contract, and that arbitration of causes of action alleging fraud, fraud-based securities law violations, and willful and malicious conduct was not contemplated by the parties at the time of the arbitration agreement.

■ The Customer Agreements signed by Richard Slomkowski provide "any controversy between you and me arising out of or relating to this agreement or the breach thereof shall be settled by arbitration...." The agreements govern the purchase and sale of securities by Craig-Hallum for Slomkowski's account. Slomkow-

ski's complaint alleges that the defendants "effected transactions for the account of Richard D. Slomkowski which were excessive in size and/or frequency in view of the financial objectives and the character of the account of plaintiff Richard D. Slomkowski." This allegation clearly pertains to the subject matter of the Customer Agreements. Therefore, each of plaintiff's claims falls within the scope of the parties' arbitration agreement. *See Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) ("the Arbitration Act [9 U.S.C. §§ 1–14 (1982)] establishes that ... any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

Slomkowski further contends that Craig-Hallum fraudulently induced him to enter into the Customer Agreements. Therefore, Slomkowski argues that this court should decline to compel arbitration. Craig-Hallum responds that the determination whether the allegation of fraud in the inducement is a proper subject for arbitration is dependent upon the intention of the parties as expressed in the language of the arbitration provision, *see Thayer v. American Financial Advisors, Inc.,* 322 N.W.2d 599, 602 (Minn.1982), and that the language of the agreement in this case clearly evinces an intent to arbitrate issues of fraud in the inducement. *See id.*

Both parties apply Minnesota state law in addressing the issue of whether the allegation of fraud in the inducement is a proper subject for arbitration. As Slomkowski points out, paragraph 12 of the Customer's Agreements provides "this agreement and its enforcement shall be governed by the Laws of the State of Minnesota." The Federal Arbitration Act, however, requires a federal district court, upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, to make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4 (1982).

■■■ Both parties are misguided in addressing under state law the issue of whether to refer plaintiff's fraud in the inducement claim to arbitration. Even assuming this issue is one of substance rather than procedure, this court must address it under federal law because its jurisdiction over this case arises under a federal statute, rather than diversity of citizenship. *See, e.g., Erie Railroad v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state."). Moreover, federal law in the terms of the Arbitration Act governs the issue of the arbitrability of a dispute in either state or federal court. *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). The Arbitration Act establishes that a court must apply federal law to resolve the issue whether the question of fraud in the inducement is itself an arbitrable controversy. *Id.* at 24–25, 103 S.Ct. at 941; *see Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 402–404, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967).

■ The federal law principles governing the arbitrability of a fraud in the inducement claim are well settled. If the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the "making" of the agreement to arbitrate—the federal court may proceed to adjudicate it. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403–404, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967). The language and policy of the Arbitration Act, however, require that allegations of fraud in the inducement of the entire contract be considered arbitrable. *E.g., Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Prima Paint,* 388 U.S. at 404, 87 S.Ct. at 1806; *Schacht v. Beacon Ins. Co.,* 742 F.2d 386, 389 (7th Cir.1984). When the claim of in-

validity goes to the entire contract containing the agreement to arbitrate, the court's sole responsibility is to determine whether the scope of the arbitration clause is broad enough to encompass a claim of fraud in the inducement. *See, e.g., Prima Paint,* 388 U.S. at 406, 87 S.Ct. at 1807; *Schacht,* 742 F.2d at 390. Clearly, Slomkowski's allegation that Craig-Hallum fraudulently induced him to enter into the Customer's Agreements constitutes a "controversy . . . arising out or relating to this agreement. . . ." Accordingly, the court must refer this case, including plaintiff's allegations of fraudulent inducement, to arbitration.

■ The Arbitration Act requires district courts to compel arbitration of pendant arbitrable claims when one of the parties files a motion seeking such relief. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1231, 84 L.Ed.2d 158 (1985); *Bale v. Dean Witter Reynolds, Inc.,* 627 F.Supp. 650, 654 (D.Minn.1986); *see Surman v. Merrill Lynch, Pierce, Fenner & Smith,* 733 F.2d 59 (8th Cir.1984). Accordingly, this court will compel arbitration of plaintiff's pendant state law claims.

Upon the foregoing, the submissions of the parties, and the record as presently constituted,

IT IS ORDERED That defendant's motion to compel arbitration of plaintiff's claims be and hereby is granted in its entirety. The parties are directed to submit this dispute to arbitration as provided for in the Customer's Agreements.

IT IS FURTHER ORDERED That all further proceedings in this action be stayed pending completion of the arbitration proceedings.