**A.G. EDWARDS & SON, INC., Plaintiff,**

v.

**Gregory Udall SMITH, et al., Defendants.**

**No. CIV 88–1445 RCB PHX.**

United States District Court, D. Arizona.

June 2, 1989.

James E. Brophy, III and Michael D. Moberly, Ryley, Carlock & Applewhite, Phoenix, Ariz., for plaintiff.

Gregory L. Miles, Udall, Shumway, Blackhurst, Allen, Lyons & Davis, P.C., Mesa, Ariz., and Keith K. Hilbig, Eric A. Mitnick and Henry Josefsberg, Smith & Hilbig, Torrance, Cal., for defendants.

ORDER

BROOMFIELD, District Judge.

In this Court's March 15, 1989 Order granting in part and denying in part defendants' motion to dismiss plaintiff's complaint, the Court declined to dismiss Count 1 of plaintiff's complaint which was a cause of action to compel arbitration under the Federal Arbitration Act. In doing so, the Court stated:

"As currently formulated, defendants' motion appears to be directed at obtaining from this Court a determination of which of plaintiff's claims are and are not arbitrable. That issue is not in front of the Court at this time and thus will not be addressed. The parties may, if set forth in proper fashion, request the Court to determine which claims are subject to arbitration. Absent such a request, the Court declines to do so in context of the present motion to dismiss."

The Court also vacated or lifted, effective April 3, 1989, the stay of arbitration that had been in place during the pendency of the Motion to Dismiss.

The parties took the Court up on its offer to determine which claims are subject to arbitration. On April 5, 1989, plaintiff filed a Petition for Stay of Judicial Proceeding

and to Compel Arbitration. On April 10, 1989, defendants' filed a Motion for Stay of Arbitration.

Turning first to plaintiff's petition for stay of judicial proceedings and to compel arbitration, plaintiff seeks to stay further judicial proceedings in this matter and to compel defendant to arbitrate the claims asserted in Counts 2, 3, 4, 6, 7 and 11 of the complaint.[1] Thus, the remaining claims which plaintiff seeks to arbitrate are securities fraud, (i.e., Count 2—Rule 10b–5; Count 3—common law fraud; Count 4—conspiracy to defraud), RICO, (Counts 6 & 7) and breach of contract, (Count 11).

The contracts at issue in this case consist of Customer Agreements signed by each of the defendants. These Agreements are standard contracts provided by plaintiff. Each of the Agreements contained either one of two different arbitration clauses. Plaintiff contends that although the wording of the two arbitration clauses differ slightly, both provide that the customer signing the agreement agreed to arbitrate "any controversy" between the customer and plaintiff arising out of their agreement, or the "performance or breach" of the agreement, or "any account" with plaintiff, or "any transactions ... with or through" plaintiff, or "any other cause whatsoever."

■ Plaintiff contends that given the broad language of the arbitration clauses, the state law claim and RICO claims are subject to arbitration. Under Ninth Circuit case law, those claims are indeed subject to arbitration. *See Van Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754, 758 (9th Cir.1988). In *Van Ness*, the Ninth Circuit acknowledged the arbitrability of the civil RICO and state claims, although the court ruled in that case that defendants' delay in seeking arbitration waived their right to compel arbitration. Thus, in this instance the state law claim and RICO claims are arbitrable against all defendants including Sharon (Jane Doe) Smith insofar as she is joined in this lawsuit as the wife of Gordon H. Smith for community property purposes.

Plaintiff also claims that the federal securities law claims against Jessica Udall Smith and Milan D. Smith are arbitrable although plaintiff concedes that those claims are not arbitrable against Gregory Udall Smith, Claire Smith and Gordon Smith. The key issue in determining the arbitrability of federal securities law claims is whether the parties agreed to arbitrate those claims. *Leicht v. Bateman Eichler, Hill Richards, Inc.*, 848 F.2d 130, 132 (9th Cir.1988). Plaintiff concedes that the arbitration clauses in the Agreements signed by the latter three individuals are probably not enforceable since those Agreements also contain a provision which provides that the Arbitration clause "shall not apply to any controversy involving a non-spurious claim under federal securities laws." Accordingly, the contractual language of the Agreements dictate that the federal securities claims against Gregory Udall Smith, Claire Smith and Gordon Smith are not arbitrable.

■ Plaintiff contends that contrary to the above three individuals, Jessica Udall Smith and Milan D. Smith did agree to arbitrate securities claims. The arbitration clause in the Agreements signed by those two contain a provision stating that the arbitration clause *"may not apply"* to any controversy "for which a remedy may exist pursuant to a right of action under the federal securities laws." (emphasis added) Plaintiff argues that this provision should be read as intending that the arbitration clause would apply to securities claims if such claims could be arbitrated as a matter of federal securities law. Plaintiff cites the recent Supreme Court ruling in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), for the proposition that claims brought under section 10(b) and Rule 10b–5 are arbitrable if the parties agree to arbitrate those claims. Plaintiff also cites *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983) as holding that any doubt or ambi-

---

1. These are all the claims not dismissed by this     Court's previous order dated March 15, 1989.

guity concerning the meaning of the language of an arbitration clause contained in an agreement is to be resolved in favor of arbitration.

In opposition, defendants argue that the securities fraud claims against Jessica Udall Smith and Milan D. Smith are nonarbitrable. Defendants claims that the language of the provision which states that the arbitration clause *may* not apply to any claim for which a remedy may exist pursuant to a right of action under federal securities laws denies permission to arbitrate. Defendants contend that notwithstanding the fact that arbitration of federal securities claims may be proper as a matter of law, the parties must still agree to arbitrate.

Review of the arbitration clause contained in the Agreements signed by Jessica Udall Smith and Milan D. Smith leads the Court to the conclusion that the language of the clause is so unclear as to indicate that the parties did not agree to arbitrate the securities claims. Notwithstanding the *Moses H. Cone* case which held that any ambiguity is to be resolved in favor of arbitration, to accept plaintiff's position on this issue would require a tortured reading of the arbitration clause far beyond the contemplation of the parties when the Agreement was entered into. Plaintiff drafted the Agreement and it appears to be a "form" agreement. Had the parties intended arbitration of securities claims certainly more clear language could have been employed. As a result, the court concludes that the federal securities claims against defendants are not subject to arbitration and will remain within the purview of the present lawsuit.

As for the issue regarding the selection of a forum for the arbitration proceedings with respect to the RICO and state law claims, defendants have 15 days from the filing of this Order in which to elect a forum. Should they fail to do so, plaintiff may select the forum.

With regard to the parties respective requests for stay of the judicial proceedings or stay of arbitration, the Court is inclined to stay what remains of these particular judicial proceedings pending the outcome of the arbitration proceedings. A status conference will be set approximately six months from the date of this Order.

IT IS ORDERED granting plaintiff's petition for stay of judicial proceedings.

IT IS FURTHER ORDERED granting in part and denying in part, consistent with the foregoing Order, plaintiff's petition to compel arbitration.

IT IS FURTHER ORDERED denying defendants' motion for stay of arbitration.

IT IS FURTHER ORDERED setting a status hearing on December 4, 1989 at 2:00 p.m.