725 F.Supp. 1072 (1989)
Fred A. CURTIS, et al., Plaintiffs,
v.
NEWHARD, COOK & CO., INC., et al., Defendants.
No. 89-1329C(6).
United States District Court, E.D. Missouri, E.D.
December 1, 1989.
*1073 Michael Wetmore, Robert C. Harrison, Popkin & Stern, St. Louis, Mo., for plaintiffs.
Carroll Stribling, Jr., Terry Lister, Ziercher & Hocker, P.C., St. Louis, Paul Grana, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motions of defendants Jerry Stein ("Stein") and Newhard, Cook & Co., Inc. ("Newhard Cook") to compel arbitration pursuant to Title 9 U.S.C. §§ 3 & 4 and stay proceedings herein.
Plaintiffs, Fred A. Curtis, Mary A. Curtis and Elizabeth A. Curtis, bring this seven-count complaint against Newhard Cook and Stein, a former employee of Newhard Cook, alleging violations of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder and various state law causes of action. Plaintiffs' complaint arises from Stein's allegedly fraudulent mishandling of plaintiffs' investments and Newhard Cook's active participation in the alleged fraud. Some months after plaintiffs became customers of Newhard Cook and subsequent to the alleged fraudulent transactions defendants mailed to plaintiffs a printed form entitled "Client Agreement." The "Client Agreement" contained, among other terms, a provision purporting to compel arbitration of all controversies "concerning any transaction ... between us; whether entered into prior, or subsequent to the date of the [Client Agreement]." Plaintiffs executed the Client Agreement and returned it to Newhard Cook. Plaintiffs now assert that defendants, by failing to provide an explanation of the terms of the Client Agreement, fraudulently induced them to enter into the Client Agreement. ¶ 17N, Count I of Plaintiffs' Complaint.
On July 26, 1989 pursuant to the procedure specified in the arbitration provision of the Client Agreement, Newhard Cook made a demand on plaintiff to elect a forum for arbitration. Plaintiff did not make such an election or otherwise respond to defendant's demand. Defendant Newhard Cook thereafter elected to have the arbitration proceed before the National Association of Securities Dealers, Inc. Plaintiffs then filed suit in this Court and defendants Newhard Cook and Stein filed their motions to compel arbitration.
The issue now before the Court is whether the arbitration clause of the Client Agreement is enforceable with respect to the claims which plaintiffs have alleged. The arbitration clause of the Client Agreement provides in pertinent part:
It is understood that the following agreement to arbitrate does not constitute a waiver of the right to seek a judicial forum where such a waiver would be void under the Federal Securities Laws.
The undersigned agrees, and by carrying an account for the undersigned, Newhard agrees, that except as inconsistent with the foregoing sentence, all controversies *1074 which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration....
It is established law that a contract similar to the Client Agreement at issue here "evidence[s] a transaction involving commerce" within the meaning of the Federal Arbitration Act, 9 U.S.C. § 2. See Webb v. R. Rowland & Co., Inc., 800 F.2d 803, 807 (8th Cir.1986). Under the Federal Arbitration Act disputes arising under such contracts, are subject to mandatory arbitration unless "the making of the agreement ... or the failure to comply therewith" is at issue. 9 U.S.C. § 4 (1982). Plaintiffs maintain that they are entitled to judicial resolution of their claims because they have raised a claim of fraudulent inducement and thereby placed the making of the arbitration agreement in issue.
The Federal Arbitration Act prohibits arbitration of a claim which places the making of the arbitration agreement in issue. See 9 U.S.C. § 4. In furtherance of the strong federal policy favoring arbitration, this statutory prohibition has been construed narrowly. Thus, claims attacking the entire contract rather than the arbitration clause in particular are subject to arbitration. Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 286 (9th Cir. 1988); Villa Garcia v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 833 F.2d 545, 548 (5th Cir.1987); Bhatia v. Johnston, 818 F.2d 418, 421-22 (5th Cir.1987); Benoay v. Prudential-Bache Sec., Inc., 805 F.2d 1437, 1441 (11th Cir.1986); Amoco Transp. Co. v. Bugsier Reederei & Bergungs, A.G. (In re Oil Spill by Amoco Cadiz), 659 F.2d 789, 794-95 (7th Cir.1981); Slomkowski v. Craig-Hallum, Inc., 644 F.Supp. 132, 134 (D.Minn.1986); but see Rush v. Oppenheimer & Co. Inc., 681 F.Supp. 1045, 1048-50 (S.D.N.Y.1988). The Supreme Court has explained the distinction as follows:
[I]f the claim is fraud in the inducement of the arbitration clause itself  an issue which goes to the making of the agreement to arbitrate  the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.
Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270, 1277 (1967) (footnote omitted).
In this case plaintiffs allege that defendants fraudulently induced them to enter the Client Agreement by failing to explain or give notice of its terms and provisions. Plaintiffs fail to raise any specific allegations of fraud with respect to the arbitration provision. General allegations of fraudulent inducement such as those at issue here relating to the entire contract rather than the arbitration clause in particular do not entitle plaintiffs to a judicial determination of arbitrability. See, e.g., Cohen, 841 F.2d at 287.
Even if plaintiffs' allegations concerning defendants' failure to explain the contract were directed specifically to the arbitration clause, plaintiffs have not offered sufficient allegations of fraud to give rise to a claim for fraudulent inducement. As the parties resisting arbitration, plaintiffs bear the burden of demonstrating their entitlement to a trial by jury on the issue of fraud. Bhatia, 818 F.2d at 422; Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1196 (7th Cir. 1987).
At most, plaintiffs have alleged that defendants failed to disclose the existence and effect of the Client Agreement. They do not allege that they were prevented from reading the Client Agreement or that defendants affirmatively misrepresented the contents of the Client Agreement.
A mere omission does not constitute actionable fraud unless the defendant had a duty to disclose the fact at issue. Chiarella v. United States, 445 U.S. 222, 228, 100 S.Ct. 1108, 1114, 63 L.Ed.2d 348 (1980); Cohen, 841 F.2d at 287. "[B]rokers are not required as a matter of law to disclose or explain arbitration clauses to the customer." Rush v. Oppenheimer & Co., *1075 Inc., 681 F.Supp. 1045, 1052 (S.D.N.Y. 1988); see also Pierson v. Dean, Witter, Reynolds, Inc., 742 F.2d 334, 339 (7th Cir. 1984). Plaintiffs cite cases purporting to demonstrate the existence of such a duty, but these authorities do not address the obligations of a broker concerning arbitration clauses. The Court therefore concludes that plaintiffs' allegations of failure to explain the arbitration clause are not actionable in fraud, because defendants had no duty to provide an explanation.
Plaintiffs were presented with a written contract containing an arbitration clause. The language of the clause is not ambiguous or arcane; it clearly and explicitly provides for arbitration of disputes arising out of the contractual relationship. As persons competent to contract, plaintiffs are presumed to know the contents of a contract which they sign. Haines v. St. Charles Speedway, Inc., 689 F.Supp. 964, 968 (E.D.Mo.1988) (citations omitted). Absent an allegation that defendants in some way prevented or dissuaded plaintiffs from reading the contact, plaintiffs' failure to do so does not entitle them to a claim of fraudulent inducement to enter the contract. See Cohen, 841 F.2d at 286.
For the aforementioned reasons, the Court concludes that plaintiffs have not presented a challenge to the validity of the agreement to arbitrate which would require adjudication by this court. The claims arising under the Securities Exchange Act of 1934 and the pendent state law claims are subject to arbitration. Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).
Defendants' motions to compel arbitration and stay proceedings in this cause will be granted.

ORDER
Pursuant to the memorandum filed on this date herein, IT IS HEREBY ORDERED that defendants' motion to compel arbitration be and it is granted. Accordingly,
IT IS FURTHER ORDERED that defendant Newhard Cook's motion for a protective order be and it is denied as moot.
IT IS FURTHER ORDERED that plaintiffs' motion for sanctions be and it is denied.
IT IS FURTHER ORDERED that all proceedings herein be and they are stayed pending the arbitration of this cause. 9 U.S.C. § 3.