799 P.2d 1378

**Lisa Marie SMITH, a married woman in her sole and separate right, Plaintiff/Appellee,**

v.

**Robert Kenneth LOGAN, III, and Yvonne Rivera Logan, husband and wife; and Business Centre, a corporation, Defendants/Appellants.**

No. 2 CA–CV 90–0004.

Court of Appeals of Arizona, Division 2, Department A.

May 24, 1990.

Reconsideration Denied June 27, 1990.

Review Denied Nov. 14, 1990.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Tom Slutes, Tucson, for plaintiff/appellee.

Linden, Chapa & Fields by Richard S. Fields and Robert J. Egielski, Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

Appellants Business Centre, a corporation and individuals Robert Kenneth Logan, III, and Yvonne Rivera Logan (Logan), appeal from an order denying their motion to compel arbitration which arose from a dispute with appellee, Lisa Marie Smith (Smith), regarding the purchase of a business from Logan. The contract for the purchase of the business contained an arbitration clause; however, Smith filed a civil action in Pima County Superior Court for fraudulent inducement of the contract. The sole issue on appeal is whether the trial court erred in refusing to grant Logan's motion to compel arbitration of Smith's claim. We reverse.

## FACTS

In November 1988, Smith and Logan executed a written contract for the purchase of a business from Logan by Smith. Within 10 months after executing the contract, Smith ceased operating the business. She filed suit on September 14, 1989, alleging that misrepresentations were made regarding the business' past profitability, and that the misrepresentations were material to her decision to purchase the business. The purchase contract contains an arbitration clause which states, in its entirety:

ARBITRATION: Except as otherwise provided herein, in the event of any dispute arising between and/or among the BUYER, SELLER and/or Broker herein, with respect to any of the transactions set forth in this Agreement, including but not limited to, disputes relating to any of the representations, warranties, covenants, contract construction, jurisdiction, payment obligation, and/or rights to commission, it is agreed that the matter shall be submitted by the parties to arbitration in accordance with the rules of the American Arbitration Association then prevailing. Parties may be represented by legal counsel. The decision of the Arbitrator shall be final and conclusive and the right of appeal is hereby waived. Buyer shall not have the right to demand arbitration if in default for the payment of any monies owed SELLER.

Smith does not allege that her agreement to the arbitration clause was fraudulently induced. She does not claim that the subject matter of the contract is illegal nor that any of the parties lacked capacity to enter into the contract.

## FRAUDULENT INDUCEMENT, ARBITRATION CLAUSES

Logan argues that arbitration clauses such as that contained in the contract between Smith and Logan are expressly recognized and supported in Arizona by A.R.S. § 12–1501:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Logan further asserts that the grounds for exception to enforcement of such an arbitration clause are those stated in A.R.S. § 12–1501 and "alleged with respect to the formation of the arbitration agreement itself, not the underlying contract." *U.S. Insulation, Inc. v. Hilro Const. Co., Inc.,* 146 Ariz. 250, 254, 705 P.2d 490, 494 (App.1985). Logan explains that this effectively states the rule of the "doctrine of separability" adopted in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), and *Flower World of America, Inc. v. Wenzel,* 122 Ariz. 319, 594 P.2d 1015 (App.1978).

The application of the doctrine of separability was set forth in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. at 402, 87 S.Ct. at 1805, 18 L.Ed.2d at 1276:

... *Except where the parties otherwise intend*—arbitration clauses as a matter of federal law are "separable" from the contracts in which they are imbedded, and ... where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract was itself induced by fraud. [footnote omitted] (Emphasis in original)

We agree that a claim of fraudulent inducement of the contract, not the arbitration clause, may be arbitrable if the language of the arbitration clause contained in the agreement is sufficiently broad to reflect the parties' intent. Language such as "claims or disputes arising out of, from or relating to this contract" is broad enough to encompass a fraudulent inducement claim. See *Dorton v. Collins & Aikman Corp.,* 453 F.2d 1161 (6th Cir.1972); *Slomkowski v. Craig–Hallum, Inc.,* 644 F.Supp. 132 (D.Minn.1986); *Quirk v. Data Terminal Sys., Inc.,* 379 Mass. 762, 400 N.E.2d 858 (1980); *Keen v. Ifg Leasing Co.,* 28 Wash.App. 167, 622 P.2d 861 (1980). Cf.

*A.G. Edwards & Son, Inc. v. Smith,* 715 F.Supp. 288 (D.Ariz.1989) (because of the broad language of the arbitration clause, state law breach of contract and RICO claims found subject to arbitration).

■ The record does not reflect that Smith raised an argument that the arbitration clause itself was fraudulently induced. Therefore, based upon the broad language in the present agreement, we believe it manifests the parties' intent to include a fraudulent inducement claim as arbitrable. Rather specifically, the language states that disputes "relating to any of the representations" shall be submitted to arbitration.

Smith responds that the real issue in the case is whether she should be prevented from asserting any legal remedy against Logan because of an unconscionable arbitration clause. She argues there is an ambiguity in the contract as to the effect of the arbitration clause, pointing out what she believes are inconsistent provisions in the contract. These provisions are characterized as unfair to Smith as the buyer because they empower the sellers (Logan) to determine what remedies will be available upon default.

■ Logan contends the arbitration clause provides for an exception to its application and that exception, as set forth in the contract, reads:

> Buyer shall not have the right to demand arbitration if in default of any monies owed to SELLER.

Parties may make a distinction in their arbitration agreement between issues subject to arbitration and issues for the court to decide. *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

■ Logan also argues that "one provision of a contract will not be construed so as to render another provision meaningless." *Norman v. Recreation Centers of Sun City, Inc.,* 156 Ariz. 425, 427–28, 752 P.2d 514, 516–17 (App.1988). To adopt Smith's argument that the arbitration agreement cannot be given effect because it is inconsistent with other provisions in the contract would render that provision meaningless. The record does not reflect any argument that Smith did not read or understand the contract or any of its specific provisions, that it contains boilerplate language or that she was offered the deal in other than an arms-length transaction. Accordingly, we find no merit to Smith's contentions and reverse.

Logan has requested and is granted attorneys' fees and costs for both this appeal and the proceedings in the trial court upon compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

ROLL, P.J., and HOWARD, J., concur.